Case No. 24-0106

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

I.A., A MINOR CHILD, BY NEXT FRIEND, IBRAHIM ALZANDANI, N.A., A MINOR CHILD BY NEXT FRIEND NADHEM ALNAJAR, AND A.M., A MINOR CHILD BY NEXT FRIEND ABRAHAM MUZIB,
Personally and on behalf of all similarly situated persons,

*Plaintiffs-Respondents*,

v.

HAMTRAMCK PUBLIC SCHOOLS, WAYNE COUNTY REGIONAL EDUCATIONAL SERVICE AGENCY, AND MICHIGAN DEPARTMENT OF EDUCATION,

*Defendants-Petitioners*.

On Petition from the United States District Court
for the Eastern District of Michigan
No. 2:23-cv-12817 Hon. Brandy R. McMillion

**Plaintiffs'-Respondents' Response to Petition of Wayne County Regional Education Service Agency for Permission to Appeal Under 28 U.S.C. § 1292 and Fed. R. App. P. 5(a)**

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: */s/ Kassem M. Dakhlallah*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe* (P83690)
Counsel for Plaintiffs-Respondents
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Dated: December 23, 2024
*Application for Admission forthcoming

1

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ..................................................................................2

QUESTION PRESENTED ...................................................................................3

      I.      INTRODUCTION....................................................................4

      II.     STATEMENT OF THE CASE.................................................4

      III.    LAW AND ARGUMENT........................................................7

      A.     THE REQUIREMENTS UNDER § 1292(B) ARE NOT MET .8

      1.     THERE ARE NO CONTROLLING QUESTIONS OF LAW..9

      2.     REASONABLE JURISTS CANNOT DISAGREE ON THE LEGAL ISSUES' RESOLUTION ..........................................................10

      3.     IMMEDIATE INTERLOCUTORY APPEAL ONLY DELAYS THE PROCEEDINGS ...............................................................11

      IV.    CONCLUSION.......................................................................13

CERTIFICATE OF COMPLIANCE ..................................................................14

CERTIFICATE OF SERVICE ...........................................................................14

# INDEX OF AUTHORITIES

## CASES

*In Re Trump,*
 874 F.3d 948, 951 (6th Cir. 2017)……………………………………..6, 7, 11

*Kraus v. Bd of Cty. Rd. Comm'rs for Kent Cty.*,
 364 F.2d 919, 922 (6th Cir. 1996)…………..…………………….....……..6

*Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023)…………….....…7, 8, 10

*D.R. v. Mich. Dep't of Educ.*,
 No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017)……..………9

*In re Baker & Getty Fin. Servs., Inc.*,
 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)…………………………..………9

## STATUTES

28 U.S.C. §1292(b) ………………………………………………………….……5, 6

MCL 380.1701 et seq.………………………………………………………….....7

**QUESTION PRESENTED**

Whether this Court should permit Defendants-Petitioners to immediately appeal the district court's September 24, 2024 Order under 28 U.S.C. § 1292(b).

## I. INTRODUCTION

Defendant-Petitioner Wayne RESA ("WRESA") makes their Petition for Permission to Appeal based on the faulty premise that the Sixth Circuit has not recognized the systemic exception to the exhaustion requirement of the Individuals with Disabilities Education Act ("IDEA"). That issue is a red herring. In fact, the United States District Court for the Eastern District of Michigan relied on binding Supreme Court precedent to arrive at the proper conclusion that the systemic exception applies to this case. For the reasons set forth below, the Sixth Circuit should NOT grant permission to any Defendant-Petitioner to appeal the District Court's September 24, 2024 Order.

## II. STATEMENT OF THE CASE

At issue in this case is whether special needs students who receive inadequate special education services plead a plausible claim for relief under federal and state laws requiring such services. This is a class action civil rights lawsuit, brought pursuant to federal and state law, to vindicate the rights of all Hamtramck Public Schools' students with disabilities who have received inadequate special services. These children require special services that comply with the mandates of the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA") (Count I), 20 U.S. § 1400 et seq.; § 504 of the Rehabilitation Act of 1973 ("Section 504") (Count II), 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA") (Count III), 42 U.S.C. § 12131 *et seq.* (Count III); and the Michigan Mandatory

Special Education Act ("MMSEA"), Mich. Comp. Laws § 380.1701 *et seq.* (Count IV). Due to widespread staffing shortages within HPS, these required services have effectively been halted.

Plaintiffs Y.A., W.A., and A.M., minor children, filed this putative class action lawsuit against Hamtramck Public Schools ("HPS"), Michigan Department of Education ("MDE"), and Wayne County Regional Education Service Agency (referred hereafter as "WRESA" or "Defendant"), who are all responsible for making sure HPS' disabled students receive adequate special education services (collectively referred to as "Defendants"). In the First Amended Complaint, Plaintiffs allege in considerable detail the systemic nature of the Defendants' utter failure to in large part even *attempt* to provide any special education services. In the case of WRESA, the First Amended Complaint makes clear that WRESA wholly failed in its oversight and resource allocation roles.

WRESA is an intermediate school district ("ISD") between MDE and HPS, and has the responsibility to ensure that the federal, state, and local funds allocated to HPS by MDE are used to carry out special education programs and related services within its school districts and public academies. **Plaintiffs' First Amended Complaint, RE 46, Page ID # 539**. WRESA has responsibilities for overseeing special education services for students who attend public schools in the HPS school district. **RE 46, Page ID # 533;** Mich. Comp. Laws § 380.1711(1)(a-k). WRESA

5

also is tasked with investigating special education programs and services it or a local district has been contracted to provide. **RE 46, Page ID # 539;** Mich. Comp. Laws § 380.1711(1)(h). With this duty also comes ensuring HPS' compliance with IDEA in the special education programs and services. *Id.* In sum, it is WRESA's duty to ensure that a free appropriate public education ("FAPE") is provided in the least restrictive environment within all of HPS' schools.

WRESA is also considered a local educational agency ("LEA"), similar to HPS, whereas MDE is considered a state educational agency ("SEA"). **RE 46, Page ID # 546-547.** As an LEA, WRESA (and HPS) must have in effect policies, procedures, and programs that are consistent with the State policies and procedures established under the IDEA in providing for the education of children with disabilities within their respective jurisdictions. 20 U.S.C. § 1413(a)(1); 34 C.F.R. § 300.201; Mich. Admin. Code R. 340.1701 et seq. As the SEA, MDE is responsible for ensuring that the LEAs –WRESA and HPS– are monitored for implementation of, and compliance with, the IDEA. 34 C.F.R. § 300.600(a)(1). *Id.* LEAs are similarly prohibited from discriminating against individuals with disabilities under the ADA and Section 504. 29 U.S.C. § 794(a); 42 U.S.C. § 12132**.** Together, the SEA and LEAs must ensure that special education and related services are made available to the child in accordance with the IEP. **RE 46, Page ID # 548;** 34 C.F.R.

§ 300.323(c)(2). WRESA is unique in that it has duties to investigate itself and HPS as an ISD, and to maintain appropriate services as a LEA.

All Plaintiffs were continuously denied special services through the 2022-2023 school year, and A.M. through the 2023-2024 school year, which has lasting effects. **See RE 46.** As a result, Y.A. and W.A. enrolled in Dearborn Public Schools for the 2023-2024 school year. *Id.* Until November 2023, A.M. was placed in a classroom that violated her IEP. Defendants fail to prevent, correct, or remedy HPS' violations of the rights of Plaintiffs and all of those similarly situated. Defendants cannot continue to ignore one of Hamtramck's most vulnerable subgroups: disabled children.

By way of relevant procedural history, Defendants moved to dismiss all of Plaintiff's claims. The district court denied these motions to dismiss. **Order RE 67.** Defendants each filed motions to certify the Order RE 67 for interlocutory appeal under § 1292. On December 4, 2024, the district court granted these motions via **Order RE 86**.

## III. LAW AND ARGUMENT

WRESA's Petition to Permit Appeal addresses arguments under 28 U.S.C. 1292(b) as further explained by *In Re Trump,* 874 F.3d 948, 951 (6th Cir. 2017).

## A. THE REQUIREMENTS UNDER § 1292(b) ARE NOT MET

WRESA requests that this Court hear this case for interlocutory appeal citing to 28 U.S.C. § 1292(b) and *In Re Trump,* 874 F.3d 948, 951 (6th Cir. 2017). The district court *may* certify an order for interlocutory appeal (and the appellate court *may*, in its discretion, permit an appeal to be taken from such order) if (1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal may materially advance the termination of the litigation. *Id.* Underscoring these factors, the Sixth Circuit has found that prior case law suggests this type of review of only appropriate in "exceptional cases". See *In Re Trump*, and *Kraus v. Bd of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1996).

Plaintiffs have brought four causes of action in this matter. First, Plaintiffs alleged that all Defendants caused systemic violations of the Individuals with Disabilities Education Act ("IDEA") ("IDEA claims"). Second, Plaintiffs alleged that under the Rehabilitation Act, Defendants discriminated against Plaintiffs due to their disability by, *inter alia*, failing to provide Plaintiffs with a free appropriate public education ("FAPE") ("§504 Claims"). Third, Plaintiffs allege that under Title II of the Americans with Disabilities Act ("ADA"), Defendants discriminated against Plaintiffs due to their disability ("ADA Claims"). Fourth, Plaintiffs brought a state law claim under MCL 380.1701 *et seq*, including the Michigan

Administrative Rules for Special Education ("MARSE") ("State Law Claims"). As this Court is aware, these claims plead various elements and importantly, allegations of damages. WRESA's Motion loses sight of such pleading characteristics and consistently ignores the reality that with such dynamic pleadings, interlocutory appeal is not likely to advance any portion of this case.

1. There are no controlling questions of law

WRESA argues that in the Court's Opinion (**RE 67**) the district court presented one controlling issue of law ripe for appeal: whether allegations of systemic violations excuse Plaintiffs from otherwise being forced to comply with the IDEA's administrative exhaustion requirements. However, this question is not controlling because, as advised in *In Re Trump*, the resolution of this issue can not materially affect the outcome of this case. *In Re Trump,* 874 F.3d at 951.

This is because in its Opinion, the district court quoted *Luna Perez*, binding Supreme Court precedent that established "a suit admittedly premised on the past denial of a free and appropriate education may nonetheless proceed *without exhausting IDEA's administrative processes if the remedy a plaintiff seeks is not one IDEA provides*," (ECF No. 67, PageID.1342) *quoting Luna Perez v. Sturgis Public Schools*, 598 U.S. 142 (2023) (emphasis added).

Of course, the district court found that Plaintiffs' Counts II (§504 Claims), III (ADA Claims), and IV (State Law Claims) each sought remedies not provided by

IDEA, meaning that *Luna Perez* warranted an exception of the administrative exhaustion. **RE 67, Page ID # 1341-1343**. WRESA's argument focuses on the exhaustion requirement for IDEA claims, only, and loses sight that the district court denied the application of this requirement to claims with remedies not provided under IDEA. *Id.* WRESA therefore presents no controlling issue of law.

    2. Reasonable jurists cannot disagree on the legal issues' resolution

It follows that no difference of opinion can ensue on this point given that the Supreme Court has already cemented the law on this matter. Again, the district court's Opinion rested on the application of the *Luna Perez* case to the **remedies requested** by the Plaintiffs. This is an entirely different issue than what WRESA contends would be dispositive on this case. In fact, WRESA is arguing that the specific systemic exception to the administrative exhaustion requirement needs to be applied to all claims as a blanket analysis. This does not consider the reality that the district court only applied the exception to this situation which, analogous to *Luna Perez*, requested the remedies outside of the IDEA statute. WRESA, in all practical reality, has created the "issue" of applying the systemic exception to the administrative exhaustion requirement for purposes of appeal. It was not an issue in the district court's Opinion. Therefore, reasonable jurists cannot disagree on a non-issue.

Alternatively, even if the Sixth Circuit may not have directly recognized the systemic violations exception to the IDEA's exhaustion requirements outright, or with specific examples directly analogous to this case, other Courts in this Circuit found this position persuasive enough to adopt. See **RE 67, Page ID # 1335-1336**. Furthermore, *D.R. v. Mich. Dep't of Educ.,* No. 16-13694, 2017 WL 4348818 (E.D. Mich. Sept. 29, 2017) shows that the lower courts within the Sixth Circuit and beyond it *have accepted this excuse with varying parameters*. Therefore, it is unlikely that reasonable jurists may reach a contradictory conclusion on the application of the futility exception.

Therefore, it remains that WRESA is without any legitimate "controlling issue of law". Neither of the issues discussed above could "materially affect the outcome of the litigation in the district court" *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). This issue, again, is plainly settled by the Sixth Circuit and needs no further guidance.

3. Immediate Interlocutory Appeal Only Delays The Proceedings

Without any controlling issues of law, and without any reasonable bases to appeal the district court's Opinion, WRESA's attempt to appeal and stay this case only serves to delay the inevitable discovery that Plaintiffs are entitled to. As stated above, WRESA's best day on appeal is its unlikely parsed victory on the application of the administrative exhaustion requirement. However, such a victory only affects

11

Count I of Plaintiffs' Complaint. Due to the *Luna Perez* holding, Plaintiffs Counts II, III, and IV always remain.

While the application of the administrative exhaustion defense to situations of systemic violations may be a question of law, it is not dispositive on Counts II, III, and IV of Plaintiffs' claims. In fact, the district court found that the administrative exhaustion defense under the IDEA actually does not apply to Plaintiff's Counts II (§504 Claims), III (ADA Claims), and IV (State Law Claims). RE **67, Page ID # 1341-1343**.

The district court applied the same reasoning to Plaintiffs' State Law Claims by analyzing the MARSE rules. Under the MARSE rules, Michigan courts generally recognized a futility exception to exhaustion requirements (**RE 67, Page ID # 1344**), meaning that the district court was well within its discretion to apply such a futility exception as it did for the ADA and §504 claims, but not MARSE.

Therefore, the permit of appeal and reversal by the Sixth Circuit, on the issue identified by Plaintiff, will not materially affect the outcome of the case. See *In Re Trump*, 874 F.3d at 951. Appeal stands to provide no material advancement in the issues and only delays discovery and further prejudices members of the class who have already been damaged by Defendants' ineptitudes.

## IV. **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court DENY Defendant WRESA's Petition to Permit Appeal in its entirety.

Respectfully submitted,

HAMMOUD, DAKHLALLAH
& ASSOCIATES, PLLC
By: /s/ *Kassem M. Dakhlallah*
Kassem M. Dakhlallah (P70842)
Tarik D. Turfe* (P83690)
Counsel for Plaintiffs
6050 Greenfield Rd., Ste., 201
Dearborn, MI 48126
(313) 551-3038
kd@hdalawgroup.com

Dated: December 23, 2024

*Application for Admission forthcoming

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,081 words according to the word count function of Microsoft Word.

I certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed R. App. P. (32(a)(6) because this document has been prepared using Microsoft Word in 14-Point Times New Roman font.

Respectfully submitted,

By: */s/ Kassem M. Dakhlallah*
Kassem M. Dakhlallah (P70842)
Counsel Plaintiffs

Dated: December 23, 2024   kd@hdalawgroup.com

# CERTIFICATE OF SERVICE

I certify that on December 23, 2024, a true and accurate copy of the foregoing petition response was electronically filed with the Court's CM/ECF Electronic Filing System and served upon all parties' counsel of record via Email pursuant to the stipulation and acceptance of such service of all parties' counsel.

Respectfully submitted,

By: */s/ Kassem M. Dakhlallah*
Kassem M. Dakhlallah (P70842)
Counsel Plaintiffs

Dated: December 23, 2024   kd@hdalawgroup.com

14